SPRINGS et al. v. JAMES.

(Supreme Court, Appellate Division, First Department.   April 15, 1910.)

COURTS (§ 237*)—APPEAL TO COURT OF APPEALS—CERTIFICATE.
    Whether a case is appealable to the Court of Appeals, without a certificate that in the opinion of the Appellate Division it involves a question of law which should be reviewed by the Court of Appeals, as provided by Code Civ. Proc. § 191, subd. 2, cannot be determined by the Appellate Division, but by the Court of Appeals.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 237.*]

Action by Richard A. Springs and others against David W. James to recover plaintiffs' commissions as defendant's Cotton Exchange brokers, amounting to $2,250, and losses paid by them for defendant's account, amounting to $46,512.13. Defendant applies for leave to appeal to the Court of Appeals, on the ground that the action may be within the provisions of subdivision 2 of section 191 of the Code of Civil Procedure, providing that no appeal may be taken from unanimous affirmance by the Appellate Division without leave of that court where the action is "to recover wages, salary or compensation for services, including expenses incidental thereto, or damages for breach of any contract therefor." Granted.

See, also, 121 N. Y. Supp. 1054.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Herbert D. Mason and William L. Ransom, for the motion. .
John R. Abney, opposed.

PER CURIAM. This application is made upon the ground that there is a question whether this case is within subdivision 2 of section

191 of the Code of Civil Procedure, so that, in order to entitle the defendant to appeal to the Court of Appeals, this court must certify that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals. The defendant has offered to give a bond to pay the judgment if the judgment should be affirmed. Whether or not this case is appealable without such a certificate is a question that should not be decided by this court, but is for the court to which the appeal is to be taken, and we express no opinion upon that question.

We think, however, that questions of law are presented in this case which should be reviewed by the Court of Appeals; and the defendant having requested such a certificate, and entertaining the view that there are questions of law involved in this case which ought to be reviewed by the Court of Appeals, we think the application should be granted upon the defendant's complying with the stipulation as to an undertaking on appeal which he suggested, without, however, intimating any opinion as to whether or not such a certificate in this case is necessary.